UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
JOSEPH F. HOLSON, et al.                      :
                                              :       CASE NO. 1:12-CV-2395
                    Plaintiffs,               :
                                              :
vs.                                           :       OPINION & ORDER
                                              :       [Resolving Docs. No. 13, 16, 17, 35]
JOHN GOOD, et al.                             :
                                              :
                    Defendants.               :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In August 2009, Plaintiffs Joseph Holson and Colleen Pepper pleaded guilty in state court to possession of drugs and complicity in the use of a minor in nudity-oriented material.[1]   In this § 1983 action, Holson and Pepper allege that Defendants worked to violate their constitutional rights in connection with the investigation, prosecution, and sentencing in their state court convictions. This Court stayed the federal proceedings while Plaintiffs sought collateral review of their state convictions in the state court.  For the reasons that follow, this Court lifts the stay and GRANTS IN PART Defendants' motions to dismiss, for judgment on the pleadings, and for summary judgment.

I.  Background

Plaintiffs each pleaded guilty in August 2009 to one count of complicity in the illegal use of a minor in nudity-oriented material or performance, in violation of Ohio Revised Code

---

[1]Doc. 1, at 13.

Case No. 1:12-CV-2395
Gwin, J.

§§ 2923.03(A)(2) and 2907.323(A)(3), and one count of possession of cocaine, in violation of Ohio

Revised Code § 2925.11(A).[2/]  Both violations are felonies of the fifth degree under Ohio law.

Plaintiffs were each sentenced to six months of incarceration, and thereafter assigned to the

supervision of the Ohio Adult Parole Authority (OAPA).[3/]

     While under the authority of the OAPA, Plaintiffs are unable to have contact with one

another, have restrictions on their travel, are unable to live with one another, are prohibited from

viewing sexually explicit materials, are unable to have surveillance cameras on their property, in

addition to other restrictions.[4/]  Plaintiffs did not appeal their convictions.

     Plaintiffs' instant lawsuit raises claims against a number of persons and entities involved with

Plaintiffs' arrest, conviction, and punishment.  These parties include the City of Ashland, Ashland

County, the OAPA, as well as Plaintiffs' attorneys in state court, Defendants Andrew Hyde and John

Good.  Plaintiffs raise seventeen claims, though it is difficult for this Court to parse out exactly what

Plaintiffs' claims are.  The complaint is repetitive, long on legal conclusions but short on facts, and

generally fails to explain what cause of action is being raised against which party.  As far as the

Court can tell, Plaintiffs raise the following causes of action:

•    Claim 1: An omnibus claim complaining of the way in which Plaintiffs' attorneys, the state
     judges, and the OAPA denied Plaintiffs their constitutional rights through their course of
     conduct.  No specific act, nor any specific constitutional right, is set forth.

•    Claim 2:  A claim against the City of Ashland and its chief of police, David Marcelli, for
     adopting policies allowing for improper searches and seizures, as well as other violations of
     law.

•    Claim 3:  The same as Claim 2, but against Ashland County.

---

[2/]*See generally* doc. 17.
[3/]Doc. 1, at 14.
[4/]*Id.*

Case No. 1:12-CV-2395
Gwin, J.

- Claim 4:  The same as Claim 2, but against the OAPA.  Plaintiffs here say that the OAPA failed to monitor its parole offices and to investigate Plaintiffs' complaints.

- Claim 5:  A conspiracy claim against all Defendants.

- Claim 6:  A claim against Plaintiffs' parole officer, the City of Ashland chief of police, and Ashland County, for engaging in actions that constitute *ex post facto* punishment of Plaintiffs.

- Claim 7:  A claim against Plaintiffs' parole officer, the OAPA, and unnamed Defendants for engaging in banishment by not allowing Plaintiff Pepper to return to her home.

- Claim 8:  A claim against Plaintiffs' parole officer, the City of Ashland chief of police, and Ashland County, for engaging in actions that constitute cruel and unusual punishment in violation of the Eighth Amendment.

- Claim 9:  A claim against all Defendants for violations of Plaintiffs' Fourth Amendment rights.

- Claim 10:  A claim against all Defendants for violations of Plaintiffs' Fifth Amendment due process rights.

- Claim 11:  A claim against all Defendants, but "particularly of Defendants Good and Hyde," who were Plaintiffs' former attorneys, for ineffective assistance of counsel in violation of Plaintiffs' Sixth Amendment rights.

- Claim 12: A state law claim against Defendant Good for writing a letter defaming Plaintiff Holson.  Plaintiff Holson says that the letter constituted "slander, libel, and defamation of [his] character."

- Claim 13:  A state law claim of invasion of privacy against Defendants Good, Hyde, and Plaintiffs' parole officer for watching Plaintiffs' sexually-themed videos.

- Claim 14:  A state law claim of malpractice against Defendant Good, Plaintiff Holson's former attorney.

- Claim 15:  A state law claim of interference with Plaintiffs' contractual relations against all Defendants.

- Claim 16:  A state law claim of abuse of process against all Defendants.

- Claim 17:  A state law claim of intentional infliction of emotional distress against all Defendants.[5/]

Defendants thereafter filed motions seeking to dismiss Plaintiffs' case.[6/]  Defendants argued,

---

[5/] *See generally id.*

[6/] *See* doc. 13 (Defendant Hyde's motion to dismiss); doc. 16 (Defendant City of Ashland's motion for judgment on the pleadings); doc. 17 (Defendant Ashland County's motion for summary judgment); and doc. 35 (Defendant Good's motion for partial summary judgment).

-3-

Case No. 1:12-CV-2395
Gwin, J.

among other things, that Plaintiffs' claims were barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), which requires a cessation of criminal proceedings in the Plaintiff's favor for most § 1983 suits to proceed.  Plaintiffs contest that *Heck* serves as a bar to their claims, but moved to stay the proceedings while their motions to withdraw their guilty pleas was pending in state court.[7/]  On February 15, 2013, this Court granted that motion and stayed the proceedings.[8/]

On June 10, 2013, the Ashland County, Ohio, Court of Common Pleas denied Plaintiffs' motions to "withdraw guilty plea and vacate conviction and sentence."[9/]  That court also considered Plaintiffs' ineffective assistance of counsel claim, and found that Plaintiffs "fail[ed] to provide any evidentiary documentation supporting [the] remaining claims."[10/]  The court found that there was "nothing in the record to support Defendant[s'] claim[s] that [the] prior plea[s] in this matter [were] not knowingly and voluntarily made."[11/]

## II.  Analysis

Defendants raise a number of arguments in support of their dispositive motions seeking to dismiss Plaintiffs' claims. This Court addresses the issues raised in those motions in turn.

*A.  The* Heck *Bar*

Defendant Ashland County moves for summary judgment, saying that the Supreme Court's pronouncement in *Heck* bars Plaintiffs' 1983 claims.[12/]  Plaintiffs' oppose the motion, saying that their claims would not necessarily imply the invalidity of their state convictions.

---

[7/]Doc. 57.
[8/]Doc. 66.
[9/]*See* docs. 72-1 & 73-1.
[10/]*Id.*
[11/]*Id.*
[12/]Doc. 17.

Case No. 1:12-CV-2395
Gwin, J.

In *Heck*, the Supreme Court charged district courts with considering "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction . . . has already been invalidated."[13]  To demonstrate that the conviction has been invalidated, the plaintiff must show that it "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[14]

Plaintiffs' state convictions stand.  And, as far as the Court can tell, much of their argument attacks the way in which Defendants effected their search.  The Sixth Circuit counsels that some Fourth Amendment claims brought under § 1983 can survive *Heck*'s bar if the evidence would have been available through other, legal, avenues.[15]  For example, in *Harper*, the plaintiff pleaded guilty to possession of marijuana after the police searched his residence and discovered the marijuana. [16] Harper's Fourth Amendment challenge to the search in his § 1983 suit survived summary judgment because the marijuana could have been admitted against him under the doctrines of inevitable discovery or good-faith reliance on the issued warrant.[17]

Here, Plaintiffs do not say, either in their complaint or in their response to the motion for summary judgment, that the seized evidence would have been admitted against them in other ways. In fact, the response does not speak to the Fourth Amendment issue whatsoever.[18]  As a finding that

---

[13] *Heck*, 512 U.S. at 485-87.

[14] *Id.*

[15] *See Harper v. Jackson*, 293 F. App'x 389 (6th Cir. 2008).

[16] *Id.* at 390.

[17] *Id.* 392.

[18] Doc. 37.

Case No. 1:12-CV-2395
Gwin, J.

the search lacked probable cause would necessarily impugn the validity of their state court convictions, those claims are barred by *Heck*.  Therefore, the Court grants Defendant Ashland County's motion for summary judgment as to claims 1,[19] 2, 3, and 9.

*Heck*, however, might not serve to bar Plaintiffs' parole-related claims, which seek to attack the decisions of the OAPA and its agents.  In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court permitted plaintiffs to attack the conditions of their parole, but only if a victory in the plaintiff's favor would not *necessarily* result in "immediate release from confinement or a shorter stay in prison."[20]  If it did necessarily result, then the claim would lie more appropriately in a petition for a writ of habeas corpus.[21]  But in claim 4, as far as the Court can tell, Plaintiffs contest the parole process, as opposed to the individual conditions of parole.  Therefore, *Heck* does not serve as a bar to claim 4, which seeks to attack the *process* by which Plaintiffs' parole is administered.  It does, however, bar claims 6 and 7, which seek to attack the substance of the parole requirements. Therefore the Court grants Defendant Ashland County's motion for summary judgment as to claims 6 and 7.

Similarly, actions raising claims under the Eighth Amendment, as Plaintiffs' claim 8 does, may be barred by *Heck* if they seek to do nothing more than shorten the length of the imposed sentence.  But, the Sixth Circuit has allowed § 1983 claims for Eighth Amendment violations when a favorable finding would not imply the invalidity of the underlying conviction.[22]  Here, it is unclear

---

[19] The Court notes that it is not at all clear exactly what Claim 1 claims.  Plaintiffs say that Defendants denied them "equal rights," which would seem to be an equal protection argument.  But, all of the subparagraphs supporting this portion of the claim discuss Defendants' search and seizure of Plaintiff's residence and property.  The Court therefore construes this Claim as one alleging violations of Plaintiffs' Fourth Amendment rights.

[20] *Wilkinson*, 544 U.S. at 82.

[21] *Id.*

[22] *Jennings v. Mitchell*, 93 F. App'x 723 (6th Cir. 2004).

Case No. 1:12-CV-2395
Gwin, J.

from the complaint *which exact actions* give rise to the Eighth Amendment claim.  Rather than point

to specific facts, Plaintiffs merely state that they "incorporate by reference the facts and law as

alleged in paragraphs [1] through [59]."[23]/  Plaintiff also fails to directly address his Eighth

Amendment claim in his response to Ashland County's motion for summary judgment.  The Court

therefore exercises its discretion to dismiss claim 8 as well.

### B.  The Statute of Limitation

Actions brought under § 1983 apply the statute of limitation from a state's general personal

injury statute.[24]/  "Thus, for 42 U.S.C. § 1983 actions brought in Ohio, a two year statute of

limitations applies."[25]/  The limitations period accrues "when the plaintiff knows or has reason to

know of the injury which is the basis of his action."  In *Rodriguez*, a case challenging a property

seizure, the Sixth Circuit held that the "seizure of [the] property provides the basis for [the

plaintiff's] Fourth Amendment seizure of property claim."

Plaintiffs' style their tenth claim as a Fifth Amendment claim, saying that Defendants'

actions "constitute[d] violations of plaintiffs' Fifth Amendment rights not to be deprived of property

without due process of law."[26]/  But, once again, Plaintiffs fail to indicate which acts they are

complaining of; rather, they point to the first sixty-six paragraphs of the complaint for this Court to

scour.  The Court therefore construes this complaint as one alleging wrongful seizure of property in

connection with the search of Plaintiffs' home.  As the search occurred in February 2009, Plaintiffs

needed to file this claim by February 2011.  They filed it in September 2012.  It is therefore untimely.

The Court therefore grants in part the City of Ashland's motion for judgment on the pleadings and

---

[23]/Doc. 1.

[24]/*See Rodriguez v. City of Cleveland*, 439 F. App'x 433, 458 (6th Cir. 2011).

[25]/*Id.* (citing Ohio Rev. Code § 2305.10).

[26]/Doc. 1, at 29.

Case No. 1:12-CV-2395
Gwin, J.

dismisses claim 10.

Further, the Court notes that all of the claims against Defendant Hyde, and all of the claims against Defendant Good, except for claim 12, arise out of these Defendants' legal representation of Plaintiffs. Ohio courts are quite clear that if a claim arises out of the attorney-client relationship, then the one-year statute of limitation applies, regardless of the styling of the complaint.[27/] Those claims are thus untimely. The Court therefore dismisses all claims against Defendant Hyde, and dismisses claims 13 and 14 as against Defendant Good.

*C.  Color of Law*

Plaintiffs' last federal claim, claim 11, says that Plaintiffs' counsel in the state proceedings, Defendants Good and Hyde, provided ineffective assistance of counsel in violation of the Sixth Amendment.

Because their attorneys were not acting under color of law when defending them, Plaintiffs may not maintain a § 1983 action against counsel based on an ineffective assistance of counsel claim.[28/] Plaintiffs' eleventh claim is also dismissed.

III.  Conclusion

For the foregoing reasons, Defendant Hyde's motion to dismiss, Defendant City of Ashland's

---

[27/]*See Wilkerson v. O'Shea*, 2009 WL 4810187 (Ohio Ct. App. 2009) ("However, as with Wilkerson's unjust enrichment and breach of contract claims, Wilkerson's claims clearly sound in legal malpractice, and therefore the one-year statute of limitations applies, and Wilkerson cannot be permitted to transform one cause of action into another through clever pleading or an alternate theory of law in order to avail herself of a more satisfactory statute of limitations.") (quotations and alterations omitted). The Court notes that the causes of action raised in claims 13, 15, 16, and 17 all enjoy a four-year statute of limitations. *See Hidey v. Ohio State Highway Patrol*, 689 N.E.2d 89 (Ohio Ct. App. 1996) (invasion of privacy); *Yaklevich v. Kemp, Schaeffer & Rowe Co., LPA*, 626 N.E.2d 115 (Ohio 1994) (abuse of process); *Lasmer Indus. v. AM Gen. LLC*, 741 F. Supp. 2d 829 (S.D. Ohio 2010) (contractual interference); *Starr v. Corley*, 662 F. Supp. 219 (N.D. Ohio 1987) (intentional infliction of emotional distress). Therefore, even though the City and County stopped being involved in this case upon Plaintiffs' convictions, their continued inclusion in this case is warranted because the limitations period has not yet run.

[28/]*Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir .2001) (state court criminal defendant's private attorney was not "state actor," precluding defendant's § 1983 action against attorney alleging ineffective assistance of counsel).

Case No. 1:12-CV-2395
Gwin, J.

motion for judgment on the pleadings, Defendant Ashland County's motion for summary judgment,

and Defendant Good's motion for partial summary judgment are GRANTED IN PART and DENIED

IN PART.  Claims 4, 5, and 13 survive as against the OAPA only; claim 12 survives as against

Defendant Good; and claims 15, 16, and 17 survive as against Defendants OAPA, City of Ashland,

Ashland County, and Defendant Good.  All other claims, including all claims raised against the

Ashland Police Department [29] and Defendant Hyde, are dismissed.

          IT IS SO ORDERED.


Dated: June 25, 2013                          s/        *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[29] *See Petty v. Cnty. of Franklin*, 478 F.3d 341 (6th Cir. 2007) ("To the extent that Petty's suit is against Karnes in his official capacity, it is nothing more than a suit against Franklin County itself.").