UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOSEPH F. HOLSON, et al.                  :
                                          :        CASE NO. 1:12-CV-2395
            Plaintiffs,                   :
                                          :
vs.                                       :        OPINION & ORDER
                                          :        [Resolving Docs. No. 80, 88, 98, 101, 116
JOHN GOOD, et al.                         :            117, 122, 123, 127 & 128]
                                          :
            Defendants.                   :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In August 2009, Plaintiffs Joseph Holson and Colleen Pepper pleaded guilty in state court to possession of drugs and complicity in the use of a minor in nudity-oriented material.[1/] In this § 1983 action, Holson and Pepper allege that Defendants violated their constitutional rights in connection with the investigation, prosecution, and sentencing in their state court convictions. For the reasons that follow, the Ohio Adult Parole Authority's motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART. Plaintiffs' motion for reconsideration of this Court's earlier order is GRANTED. As all of Plaintiffs' remaining claims arise out of state law, this Court declines to exercise supplemental jurisdiction over them, and they are therefore DISMISSED WITHOUT PREJUDICE.

---

[1/]Doc. 1, at 13.

-1-

Case No. 1:12-CV-2395
Gwin, J.

## I. Background

A full recitation of the facts in this case can be found in this Court's previous order granting in part and denying in part Defendants' motions to dismiss.[2/] But briefly: Each Plaintiffs pleaded guilty in August 2009 to one count of complicity in the illegal use of a minor in nudity-oriented material or performance, in violation of Ohio Revised Code §§ 2923.03(A)(2) and 2907.323(A)(3), and one count of possession of cocaine, in violation of Ohio Revised Code § 2925.11(A).[3/] Plaintiffs were each sentenced to six months of incarceration, and assigned to the supervision of the Ohio Adult Parole Authority (OAPA) for post-release control.[4/]

Plaintiffs filed the instant complaint in September 2012, raising claims against a number of persons and entities involved with Plaintiffs' arrest, conviction, and punishment. These parties include the City of Ashland, Ashland County, the OAPA, as well as the attorneys who represented Plaintiff in state court, Defendants Andrew Hyde and John Good.

Plaintiffs did not appeal their convictions, but they did file a motion to withdraw their guilty pleas in state court. This Court stayed these proceedings while that motion was processed. On June 10, 2013, the Ashland County, Ohio, Court of Common Pleas denied Plaintiffs' motions to "withdraw guilty plea and vacate conviction and sentence."[5/] Two weeks later, this Court lifted the stay, and dismissed the majority of Plaintiffs' claims.[6/] The following claims remain:

- Claim 4: A claim brought under 42 U.S.C. § 1983, saying that the OAPA adopted policies allowing for improper searches and seizures, failed to monitor its parole offices, and failed

---

[2/] Doc. 74.
[3/] *See generally* doc. 17.
[4/] Doc. 1, at 14.
[5/] *See* docs. 72-1 & 73-1.
[6/] Doc. 74.

Case No. 1:12-CV-2395
Gwin, J.

      to investigate Plaintiffs' complaints.

- Claim 5: A conspiracy claim brought under 42 U.S.C. § 1985 against the OAPA.

- Claim 12: A state law claim against Defendant Good for writing a letter defaming Plaintiff Holson. Plaintiff Holson says that the letter constituted "slander, libel, and defamation of [his] character."

- Claim 13: A state law claim of invasion of privacy against Defendants OAPA and Kimberly Marcelli, Plaintiffs' parole officer, for watching Plaintiffs' sexually-themed videos.

- Claim 15: A state law claim of interference with Plaintiffs' contractual relations against Defendants Good, City of Ashland, Ashland County, the OAPA, and Kimberly Marcelli.

- Claim 16: A state law claim of abuse of process against Defendants Good, City of Ashland, Ashland County, the OAPA, and Kimberly Marcelli.

- Claim 17: A state law claim of intentional infliction of emotional distress against Defendants Good, City of Ashland, Ashland County, the OAPA, and Kimberly Marcelli.[7]

Since then, Defendants have filed a number of motions seeking dismissal, and Plaintiffs have filed a motion for reconsideration of this Court's order dismissing claims against Defendant Good.[8] The Court considers these issues in turn.

## II. Analysis

*A. Defendant OAPA's motion for judgment on the pleadings*

Defendant OAPA moves for judgment on the pleadings, saying that it is not a "person" subject to suit under § 1983.[9] Plaintiffs oppose the motion, saying that "neither the Ohio Adult Parole Authority, nor the Ohio Department of Rehabilitation and Correction have been sued as separate entities," but that they "have been named only as the arm of the State of Ohio, c/o Gary C. Mohr, Director, which engaged in the conduct of which plaintiffs complain."[10]

---

[7] Doc. 81. See also doc. 121.
[8] Doc. 101.
[9] Doc. 74.
[10] Doc. 100, at 6.

Case No. 1:12-CV-2395
Gwin, J.

"It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent."[11] This is true "regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it."[12] Actions for money damages against state officials acting in their official capacity are similarly barred, as such suits are, in reality, "suit[s] against the official's office."[13] "The same is not true for suits seeking only injunctive relief: a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"[14]

Here, as Plaintiffs concede in their response, the federal claims are against the OAPA as an arm of the State of Ohio. The claims are not directed at any individual in his official or personal capacity. While the complaint is styled as "Ohio Adult Parole Authority/Ohio Department of Rehabilitation & Correction/State of Ohio c/o Gary C. Mohr, Director," Mohr is not discussed in any of Plaintiffs' more than twenty filings. And, as already mentioned, Plaintiffs concede that their federal claims are against the State of Ohio.

But Plaintiffs come up with the novel argument that, "the Supreme Court has found that Eleventh Amendment immunity has been waived by the State in actions under Section 1983."[15] The case Plaintiffs cite for this proposition, *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), does not say that. First, *Fitzpatrick* addressed the Civil Rights Act of 1964. And second, *Fitzpatrick* addressed the

---

[11] *Salt Lick Bancorp v. FDIC.*, 187 F. App'x 428, 442 (6th Cir. 2006) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).
[12] *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).
[13] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).
[14] *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654 n.8 (6th Cir. 2007) (quoting *Will*, 491 U.S. at 71).
[15] Doc. 100, at 8.

-4-

Case No. 1:12-CV-2395
Gwin, J.

abrogation of state sovereign immunity, not its waiver. As the OAPA points out in its reply briefing, the Supreme Court has held that § 1983 did not abrogate state sovereign immunity.[16]

As the OAPA is not subject to suit under § 1983, Plaintiffs' federal claims against it—Counts 4 and 5—are dismissed.

B. *Supplemental jurisdiction*

Under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[17] But, the Court may decline to exercise supplemental jurisdiction over such claims if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[18]

District courts have broad discretion in deciding whether to exercise supplemental jurisdiction, and should consider "judicial economy, convenience, fairness, and comity."[19] If these concerns are not present, "a federal court should hesitate to exercise jurisdiction over state claims."[20]

The Court has dismissed all claims over that gave original jurisdiction.[21] Not counting the period when this case was stayed, this Court has exercised control over this case for only seven

---

[16] Doc. 114, at 4 (citing *Quern v. Jordon*, 440 U.S. 332, 345 (1979)).
[17] 28 U.S.C. § 1367(a).
[18] *Id.* at § 1367(c).
[19] *Pinney Dock & Transport Co. v. Penn. Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (quotations omitted).
[20] *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).
[21] *See* doc. 74 & Part II.A of this order.

Case No. 1:12-CV-2395
Gwin, J.

months. Dismissal without prejudice will allow the parties to develop the case fully in state court. Finally, concerns of comity, particularly in a suit alleging illegal acts by state governmental entities, warrant dismissal. "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."[22]

Accordingly, the remainder of Plaintiffs' claims are dismissed without prejudice.

*C. Motion for reconsideration*

Finally, Plaintiffs ask for reconsideration of this Court's previous order dismissing malpractice and breach of fiduciary duty claims against Defendant Good.[23] The Court grants that motion, resuscitating those claims so that the state court can consider these state law questions. To do otherwise would restrict the state court's ability to hear the arguments outlined in Plaintiffs' motion for reconsideration, prejudicing Plaintiffs.

III. Conclusion

For the foregoing reasons, the Court GRANTS IN PART Defendant OAPA's motion for judgment on the pleadings, and Plaintiffs' federal claims against the OAPA are DISMISSED WITH PREJUDICE. Plaintiff's motion for reconsideration of its earlier order dismissing claims against Defendant Good is GRANTED. The Court declines to exercise supplemental jurisdiction over the state law claims, which are DISMISSED WITHOUT PREJUDICE. All other pending motions are

---

[22] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).
[23] Doc. 101.

Case No. 1:12-CV-2395
Gwin, J.

DENIED AS MOOT.

    IT IS SO ORDERED.


Dated: August 21, 2013            s/ *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE