UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                            :
JOSEPH F. HOLSON, *et al.*,                 :        CASE NO. 1:12-CV-2395
                                            :
            Plaintiffs,                     :
                                            :
    v.                                      :        ORDER
                                            :
                                            :        [Resolving Docs. 132, 135, 136, 137
                                            :        and 140]
JOHN GOOD, *et al.*,                        :
                                            :
            Defendants.                     :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this § 1983 action, Plaintiffs Joseph Holson and Colleen Pepper move the Court to

reconsider its Opinions and Orders filed June 25, 2013, June 28, 2013, and August 21, 2013.[1]

Because the state convictions of Plaintiffs Holson and Pepper stand, the Court **DENIES** the

Plaintiffs' motion to reconsider.

        In its June 25, 2013 Opinion and Order, this Court granted Summary Judgment to Defendant

Ashland County as to Plaintiffs' claims 1, 2, 3, and 9, because these claims are barred by the doctrine

articulated by the Supreme Court in *Heck v. Humphrey*.[2]  In their Motion for Reconsideration,

Plaintiffs say that these claims are not barred under *Heck* because the convictions are not yet

"final."[3]  Holson and Peppers say that due to their pending state appeals, the Court's "ruling

dismissing the Section 1983 claims to which *Heck* may apply is premature."[4] This is wrong.

---

[1] Doc. 132.

[2] Doc. 74, at 4-6.

[3] Doc. 132, at 4.

[4] *Id.* at 5.

Case No. 1:12-CV-2395
Gwin, J.

In *Heck v. Humphrey*, the Supreme Court established a bar to the right to relief under 42 U.S.C. § 1983.[5/]  In the context of a § 1983 claim, "district courts are charged with considering whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[6/]  If the court finds that it would, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction . . . has already been invalidated."[7/]  Here, a judgment in favor of Plaintiffs Holson and Pepper would "necessarily impugn the validity of their state court convictions."[8/]  Therefore, Plaintiffs must demonstrate that their state convictions have already been invalidated.

To demonstrate that a conviction has been invalidated, a § 1983 plaintiff must show that it has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[9/]  Plaintiffs do not allege any facts to suggest that their convictions have been invalidated.[10/]  Plaintiffs' state convictions currently stand.[11/]  Contrary to Plaintiffs' argument, a pending appeal does not invalidate a state conviction for the purposes of a *Heck* analysis.[12/]  Therefore, Plaintiffs cannot proceed with claims 1, 2, 3, and 9 of this action because they are barred

---

[5/] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[6/] *Heck*, 512 U.S. at 485-87.

[7/] *Id.*

[8/] Doc. 74, at 6.

[9/] *Heck*, 512 U.S. at 486-87.

[10/] *See* Doc. 132 (Plaintiff does not provide any evidence to show that their convictions were "invalidated" by a procedure outlined in *Heck*.)

[11/] Doc. 132-1; Doc. 132-2.

[12/] *Jackson v. Villanueva*, 1:13 CV 970, 2013 WL 4758036 at *2 (N.D. Ohio Sept. 4, 2013) ("[Plaintiff] filed a direct appeal of his conviction to the Ohio Eighth District Court of Appeals, and that appeal is still pending. He therefore cannot proceed with his claims in this action."); *Hobbs v. Cnty. of Summit*, 5:10CV2069, 2012 WL 359698 at *4 (N.D. Ohio Feb. 2, 2012) ("Of course, Plaintiff cannot demonstrate that her conviction or sentence has been invalidated because her criminal appeal is currently pending before the Ohio Supreme Court.").

Case No. 1:12-CV-2395
Gwin, J.

by the *Heck* doctrine.

Accordingly, the Court **DENIES** Plaintiffs' Motion for Relief  from Judgment and/or For

Reconsideration.

IT IS SO ORDERED

Dated: October 17, 2013                         s/         *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE